SILBERMAN, Chief Judge.
Ronald Hatton seeks review of the order summarily denying his motion for postcon-viction relief which was filed pursuant to Florida Rule of Criminal Procedure 3.850. *840 We affirm the summary denial of all claims but claim two.
In January 2005, a Pinellas County jury found Hatton guilty of sexual activity by a person in familial authority and lewd and lascivious exhibition. The trial court sentenced Hatton to thirty years in prison for the first charge concurrent with a fifteen-year term on the second charge. The court subsequently granted Hatton a new trial based on allegations of juror misconduct. Hatton was retried in front of a successor judge, found guilty, and sentenced to the same prison terms, but they were to be served consecutively. For reasons not reflected in the record, the successor judge subsequently vacated that judgment and sentence. In November 2005, the successor judge resentenced Hatton to thirty years in prison for the first charge and a consecutive fifteen years for the second charge. This court affirmed Hatton’s judgment and sentence on direct appeal. See Hatton v. State, 970 So.2d 831 (Fla. 2d DCA 2007) (table).
In February 2009, Hatton filed his rule 3.850 motion, which he later amended. In pertinent part, Hatton asserted that counsel was ineffective for failing to advise him that he could receive a harsher sentence on retrial. He contended that he would not have agreed to the filing of a motion for new trial if counsel had informed him of his potential sentence. In denying relief on this claim, the postconviction court concluded that Hatton had not established prejudice because the determination of the sentence on retrial was within the trial court’s discretion. The court also noted that defense counsel would have been ineffective for failing to make the motion for new trial because it was granted based on fundamental error.
We cannot agree with the postconviction court’s ruling. Hatton has adequately alleged prejudice by asserting that he was exposed to a harsher sentence, that he did not know he could get a harsher sentence, and that the trial court actually imposed a harsher sentence than the one originally imposed. And it was ultimately Hatton’s decision whether to seek a new trial, regardless of whether the error was fundamental. While it seems questionable that Hatton would not have pursued a new trial, the record does not refute his claim that he would have declined that opportunity if he knew he would be exposed to a harsher sentence. Accordingly, we reverse and remand for reconsideration.
Affirmed in part, reversed in part, and remanded.
KELLY and BLACK, JJ., Concur.