NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
)
        Appellant, )
)
v. )     Case No: 2D13-952
)
ROLAND HATTON, )
)
        Appellee. )
_____ )

Opinion filed July 23, 2014.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellant.

Michael Ufferman of Michael Ufferman
Law Firm, P.A., Tallahassee, for Appellee.


PER CURIAM.

        The State appeals from the postconviction court's order granting relief on

one of the claims raised in Roland Hatton's motion for postconviction relief. We affirm in

part, and we reverse in part.

        For offenses occurring in 2003, Mr. Hatton was tried and found guilty by a

jury of sexual activity by a person in familial authority and lewd and lascivious exhibition.

The trial court sentenced him to thirty years in prison on the sexual activity charge and fifteen years in prison on the lewd and lascivious exhibition charge. Notably, the trial court designated the sentences to run concurrently. Mr. Hatton moved for a new trial, which the trial court granted. Mr. Hatton was again found guilty of both offenses at his second trial. He was resentenced by a different circuit judge. The successor judge sentenced him to thirty years on the sexual activity charge and fifteen years on the lewd and lascivious charge. However, the successor judge designated the sentences to run consecutively instead of concurrently. Thus Mr. Hatton's successful new trial motion ultimately resulted in a forty-five-year prison term instead of the thirty-year term that he had previously received. This court affirmed Mr. Hatton's judgment and sentences resulting from the second trial. Hatton v. State, 970 So. 2d 831 (Fla. 2d DCA 2007) (table decision).

Mr. Hatton filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising seven claims for relief. The postconviction court summarily denied all seven of the claims raised. Mr. Hatton appealed, and this court affirmed the postconviction court's denial of all of the claims except claim two. This court reversed the postconviction court's order with regard to that claim and remanded for reconsideration. Hatton v. State, 90 So. 3d 839, 840 (Fla. 2d DCA 2012). In claim two, Mr. Hatton "asserted that counsel was ineffective for failing to advise him that he could receive a harsher sentence on retrial" and "contended that he would not have agreed to the filing of a motion for new trial if counsel had informed him of his potential sentence." Id.

On remand, the postconviction court conducted an evidentiary hearing on claim two. At the conclusion of the hearing, the postconviction court entered an order that granted the motion as to claim two, vacated Mr. Hatton's judgment and sentences totaling forty-five years, and ordered another new trial. The State now appeals.

On appeal, the State argues that Mr. Hatton failed to establish either deficient performance of counsel or prejudice. See Strickland v. Washington, 466 U.S. 668 (1984). We disagree. After a thorough review of the record, we conclude that there is substantial competent evidence in the record supporting the postconviction court's findings of deficient performance and resultant prejudice to Mr. Hatton. Nevertheless, the only relief to which Mr. Hatton was entitled is the reinstatement of his original judgment and the sentences totaling thirty years, not a third trial. Accordingly, we affirm the postconviction court's order to the extent that it finds that Mr. Hatton is entitled to relief on claim two and vacates the judgment and sentences resulting from the retrial. We reverse the portion of the order granting Mr. Hatton a second new trial.

On remand, the postconviction court shall reinstate the original judgment, the sentence of thirty years in prison on the charge of sexual activity by a person in familial authority, and the sentence of fifteen years in prison on the charge of lewd and lascivious exhibition. The sentences shall be designated to run concurrently.

Affirmed in part; reversed in part; remanded with directions.


ALTENBERND, WALLACE, and SLEET, JJ., Concur.